908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Deborah S. CESZYK, Plaintiff-Appellant,
v.
Francis J. CUNEO, Jr., et al., Defendants-Appellees.
 No. 89-2241.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 26, 1990.*
Decided July 10, 1990.
 
 Before WILLIAM J. BAUER, Chief Judge, and WALTER J. CUMMINGS and JOHN L. COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Deborah Ceszyk, proceeding pro se, appeals from the denial of her motion for preliminary injunctive relief in which she sought to enjoin certain proceedings in the Circuit Court of DuPage County. For the reasons that follow, we affirm the denial of her request for injunctive relief.[1]
 
 
 2
 In June of 1982, a divorce decree was entered in the case of Zoglauer v. Zoglauer, Case No. 79 D 3528, in the Circuit Court of DuPage County. Under the terms of the decree, Arnold Zoglauer was required to pay his ex-wife, Louise (Zoglauer) MacGaffey, child support. On February 10, 1984 Arnold Zoglauer conveyed the home he had shared with his former wife to Ceszyk. On January 24, 1985 defendant Francis J. Cuneo, Jr., an attorney, and his client, defendant MacGaffey, presented an "emergency" petition to the Child Support Enforcement Division of the Circuit Court of DuPage County. In that petition, MacGaffey sought to have the conveyance set aside as fraudulent and to have the property sold to satisfy Zoglauer's child support arrearages. Ultimately, defendant DuPage Circuit Court Judge Margaret Coffin ordered the conveyance set aside and directed the sale of the property with the proceeds to be applied to the child support arrearages, attorneys fees and future child support obligations.
 
 
 3
 Ceszyk's federal claims are premised on the failure of the two attorneys representing MacGaffey in her efforts to obtain child support payments to properly join Ceszyk as a third party to the post-divorce proceedings. A February 19, 1985 hearing was scheduled at the time the 1985 petition was filed. Prior to the hearing date, Cuneo left a copy of a "Notice of Motion" with the DuPage County Sheriff, defendant Richard Doria, to be served on Ceszyk. Defendant Deputy Sheriff Roger Rinck personally served Ceszyk with the "Notice of Motion" on February 8, 1985. Rinck certified, however, that he had served Ceszyk with a summons and complaint on the return of service form. At the February 19, 1985 hearing, a judge ruled that Ceszyk had not been properly served and directed Cuneo and MacGaffey to join her as an additional party if they wished to continue the action to recover child support. Another hearing was scheduled for April 9, 1985.
 
 
 4
 Instead of joining Ceszyk as an additional party to the child support proceedings, Cuneo and MacGaffey merely added her name to the petition, retitled the document "Amended Petition", and refiled the petition on February 21, 1985. Complicating matters further, neither Cuneo nor MacGaffey appeared at the April 9, 1985 hearing. According to Ceszyk, the judge dismissed the petition because she had not been joined as an additional party.
 
 
 5
 Thereafter, for reasons not revealed in the district court record[2], defendant Judge Michael Galasso issued an order on July 8, 1985 in which he stated that Ceszyk had been served, that the court thus had jurisdiction over Ceszyk, and that her failure to answer or otherwise plead required entry of a default judgment against her. Nothing further occurred in the state court, at least insofar as the record reveals, until September 27, 1988. On that date, defendant Thea Armstrong, another MacGaffey attorney, moved to enforce the default judgment entered by Judge Galasso. Judge Coffin, in accordance with that default judgment, granted the relief sought in the 1985 petitions. Shortly thereafter, Ceszyk filed this action pursuant to 42 U.S.C. Sections 1983 and 1985.
 
 
 6
 In her motion for preliminary injunctive relief, Ceszyk essentially sought to have the state court proceedings stayed pending a ruling on the merits of her federal complaint. That motion was triggered by the actions taken by defendants Cuneo and MacGaffey to vacate the July 8, 1985 and September 27, 1988 orders directing the sale of her property and to bring Ceszyk within the jurisdiction of the state court. Those orders were vacated on May 31, 1989.
 
 
 7
 A district court's ruling on a motion requesting preliminary injunctive relief will not be overturned absent an abuse of discretion. West Allis Memorial Hosp., Inc. v. Bowen, 852 F.2d 251, 253 (7th Cir.1988). To prevail on a request for such relief, the moving party must demonstrate:
 
 
 8
 (1) that it has no adequate remedy at law; (2) that it will suffer irreparable harm if the preliminary injunction is not issued; (3) that the irreparable harm it will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (4) that it has a reasonable likelihood of prevailing on the merits; and (5) that the injunction will not harm the public interest.
 
 
 9
 Id. at 253 (citations omitted). In this case, the district court ruled that Ceszyk had failed to sustain her burden of demonstrating both the existence of irreparable harm and lack of an adequate remedy at law.
 
 
 10
 Ceszyk characterizes her irreparable harm as being unlawfully subjected to state court proceedings during the pendency of her federal action. She fails, however, to appreciate the significance of the actions taken by Cuneo and MacGaffey, albeit after she filed suit, to insure that she will receive the due process protections she is entitled to in any subsequent state court proceedings. At this juncture, any alleged irreparable harm arising from additional state court proceedings has vanished along with the orders improperly directing the sale of her property.
 
 
 11
 Moreover, the district judge correctly ruled that Ceszyk possesses an adequate remedy at law to redress the harm she alleges she will suffer absent injunctive relief. That remedy is to have any proceedings involving her or her property litigated properly in the state court.[3] In light of the measures taken by Cuneo and MacCaffey to insure that she is properly joined as a party in any future child support proceedings, it is apparent that Ceszyk will have her day in court with respect to those proceedings. Any dissatisfaction resulting from those proceedings may be taken up with the state appellate court. Accordingly, we find that the district court did not abuse its discretion by refusing to enjoin the state court proceedings and the judgment is hereby
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and records
 
 
 [1]
 Ceszyk filed a motion for preliminary injunction in this court, seeking the same relief as that sought in the district court. That motion is denied as moot
 
 
 [2]
 We note that Ceszyk appended a complete copy of the Illinois Appellate Court's July 11, 1986 order to her reply brief. That order lends considerable insight into the events taking place in the state court. For reasons unbeknownst to this court, Ceszyk failed to provide a complete copy of this order to the district court. Since the document was not made part of the district court record, it will not be considered by this court on appeal. See, United States v. Hillsberg, 812 F.2d 328, 336 (7th Cir.1987), cert. denied, 481 U.S. 1041
 
 
 [3]
 This is not to suggest that the existence of this remedy would preclude any additional relief the district court may deem appropriate should Ceszyk prevail on the merits